FILED
MAR 25 2009

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GAIL R. O'CONNELL-BABCOCK,

    Plaintiff,

  v.

MULTNOMAH COUNTY, OREGON,
MICHAEL OSWALD, JOHN ROWTON,
LINDA POWERS, LIZ KLOBUCIK,
SHANNON JAMES, JENNY HOLMAN,
STEPHANIE COLLINGSWORTH,
TRACEE STEWART, JOHN AND JANE
DOES 1-10,

    Defendants.

Civ. No. 08-459-AC

FINDINGS AND
RECOMMENDATION

ACOSTA, Magistrate Judge:

FINDINGS AND RECOMMENDATION  1    {KPR}

*Introduction*

Plaintiff Gail R. O'Connell-Babcock ("Plaintiff") filed suit in federal court against Multnomah County and individual defendants Michael Oswald, John Rowton, Linda Powers, Liz Klobucik, Shannon James, Jenny Holman, Stephanie Collingsworth, Tracee Stewart, and John and Jane Does 1-10 (collectively "individual defendants") (Multnomah County and individual defendants are collectively "Defendants"). Plaintiff alleges that Defendants violated her civil rights pursuant to 42 U.S.C. § 1983 and the First and Fourteenth Amendments to the United States Constitution. Plaintiff seeks economic, compensatory, and punitive damages; attorney fees, expert fees, and costs; and any other relief the court deems necessary, in particular an order allowing Plaintiff access to Multnomah County Animal Services's ("MCAS") electronic records. Defendants move to dismiss Plaintiff's claim as barred by claim and issue preclusion and for failure to state a claim. Defendants also move to strike the declaration of Robert E. Babcock attached to Plaintiff's response to Defendants' motion to dismiss.

*Factual Background*

The complaint alleges the following facts which, for purposes of this motion, the court accepts as true. As a longtime advocate for "residents of Multnomah County and their canine companion animals," Plaintiff has had frequent involvement with MCAS. (First Amended Complaint ("FAC") ¶ 5.) As a result of this contact, Plaintiff has been critical of MCAS and has acted both to publicize her criticisms and promote reform of MCAS. Plaintiff's actions included distributing her criticisms to individuals and the media, maintaining a website with commentary and documentation, communicating with MCAS employees via email and fax, and petitioning Multnomah County Commissioners to take action. MCAS has a publicly accessible computer at its

facility that provides "read only" access to its electronic records, access to which has substantially facilitated Plaintiff's actions. In fact, "[t]his computer was the only means by which Plaintiff could directly access MCAS's electronic public records." (FAC ¶ 7.)

On April 22, 2006, Defendants began a campaign to exclude Plaintiff from the MCAS facility. "As part of that campaign, Defendants Klobucnik and Stewart sent coordinated emails to Defendant Oswald and a number of other MCAS employees in an effort to solicit their support in their concerted efforts to have Plaintiff removed from the MCAS shelter and denied access to its computer." (FAC ¶ 9(a).) Defendants' motive was to silence Plaintiff.

In late April or early May 2006, with the ratification of unidentified superiors, Defendant Oswald asked the Multnomah County Sheriff to exclude Plaintiff from the MCAS facility, thus preventing access to its computer. All of the individual defendants "informed a representative of the Sheriff's office that Plaintiff's behaviors within the shelter were abusive and threatening and disrupted or interfered with county business." (FAC ¶ 9(c).) These defendants knew this information to be false and took this action to silence Plaintiff. Defendants' campaign was ultimately successful and prevented Plaintiff from exercising her First Amendment rights. Plaintiff alleges that defendant Multnomah County knew or should have known that the individual defendants were acting to prevent Plaintiff from exercising her First Amendment rights. Thus, according to Plaintiff, because of its knowledge, the County was complicit in depriving Plaintiff of her rights.

On May 19, 2006, the Multnomah County Sheriff issued a "Notice of Exclusion" which barred Plaintiff from entering the MCAS premises for a period of one year. (Morf Declaraction ("Decl."), Exhibit ("Ex.") 1 at 9.) The Notice of Exclusion gave the following reasons for excluding Plaintiff from MCAS premises: "Abusive, or threatening behavior," "Unreasonably noisy and/or

disruptive behavior," "Interfering with county business," and "Interfering with county employees when dealing with animals in an uncontrolled setting." *Id.* The notice also stated that an appeal may be lodged within ten days of the exclusion and that a hearing would be set within thirty days of the appeal request. Plaintiff appealed her exclusion. However, a June 20, 2006, letter to Plaintiff from the Multnomah County Sheriff's Office stated that Plaintiff had neither appeared at her scheduled hearing nor submitted information regarding her appeal and, thus, the "appeal [was] based on the investigation of [Sergeant] Staton." *Id.* at 10. Accordingly, the exclusion was upheld for a period of twelve months.

On July 12, 2006, Plaintiff filed a complaint against Multnomah County, Multnomah County Sheriff's Office, MCAS, and all individual defendants named here except Jane and John Does 1-10 in state court, specifically Multnomah County Circuit Court ("the Circuit Court"). *Id.* at 1-8. The state court complaint included a claim for declaratory relief and a petition for writ of review. Under her claim for declaratory relief, Plaintiff sought an order vacating the Sheriff's exclusion order, as well as costs and fees, and any further relief the court deemed necessary. In her petition for writ of review, Plaintiff sought review under Oregon Revised Statutes ("ORS") chapter 34, which provides, in part:

> [A]ny party to any process or proceeding before or by any inferior court, officer, or tribunal may have the decision or determination thereof reviewed for errors, as provided in ORS 34.010 or 34.100, and not otherwise. Upon a review, the court may review any intermediate order involving the merits and necessarily affecting the decision or determination sought to be reviewed.

OR. REV. STAT. 34.020 (2007). Circuit courts have jurisdiction to allow writs of review, under ORS 34.040. The petition specifically stated that Plaintiff's exclusion from MCAS was unconstitutional, alleging that "Defendant Sheriff's decisions restrain[ed] Plaintiff's free expression of opinion and

restricted her rights to speak, write, and print freely in violation of Article I, Section 8 of Oregon's Constitution[.]" (Morf Decl., Ex. 1 at 7.)

Plaintiff contends that, on January 18, 2007, Plaintiff and the state court defendants entered into an agreement. The agreement provided for: "(a) the dismissal 'without prejudice' of Plaintiff's First Claim for Relief – Declaratory Judgment, (b) altering the caption by deleting Multnomah County Animal Services and the individuals as parties defendant, and (c) a briefing and oral argument schedule for the issues raised by Plaintiff's Second Claim for Relief – Writ of Review." (Babcock Decl. ¶ 5.) The parties agreed to pursue the petition for writ of review prior to discovery and trial because the exclusion order would likely have expired before any resolution was reached. This agreement was memorialized in a March 12, 2007, proposed order submitted to the Circuit Court.[1] Plaintiff argues that the issues related to the writ of review were evaluated "with evidence limited to the Sheriff's administrative record and without the discovery and/or trial testimony otherwise needed to resolve the conflicting statements about Plaintiff's and Defendants' conduct and motivations." (Babcock Decl. ¶ 7.)

On May 3, 2007, the Circuit Court addressed four specific issues related to the petition for writ of review, one of which is relevant to the current action. In particular, the court concluded that nothing in the record "indicate[d][Plaintiff] was excluded for any speech-related conduct, any distribution of information or any protected speech." (Morf Decl., Ex. 2 at 8.) The court cited the reasons given on the notice of exclusion as evidence that Plaintiff was excluded for conduct. An

---

[1] Plaintiff does not present documents from the case file to support these contentions because the file was misplaced during her attorney's office move in 2007. Plaintiff has instead reconstructed this "history" based on emails between her attorney and counsel for the state court defendants. (Babcock Decl. 2.)

FINDINGS AND RECOMMENDATION          5                               {KPR}

order issued on May 30, 2007, denying Plaintiff's petition for writ of review and sustaining the exclusion order. (Morf Decl., Ex. 3.) On April 14, 2008, Plaintiff filed this action against Multnomah County and individual defendants Oswald, Rowton, Powers, Klobucik, James, Holman, Collingsworth, Stewart and John and Jane Does 1-10. Defendants subsequently filed these motions to dismiss and strike.

*Discussion*

1.  Motion to Strike

Defendants move to strike the declaration of Robert E. Babcock attached to Plaintiff's Response to Defendants' motion to dismiss. Defendants specifically object to this declaration as an "improper attachment of evidence outside the pleadings." (Defendants' Memorandum in Support of Motion to Strike 2.) Defendants argue that the attachment is improper because material outside the pleadings should not be considered on a motion to dismiss unless the material is specifically referenced by the complaint and its authenticity is not questioned.

As a general matter, a district court may not consider any material outside of the pleadings when ruling on a Rule 12(b)(6) motion. *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001). Here, however, the declaration speaks to issues of claim and issue preclusion and not to Plaintiff's alleged failure to state a claim, pursuant to Rule 12(b)(6). Accordingly, for purposes of the court's preclusion analysis, the court will consider the declaration in question. Defendants are correct, however, that this declaration may not be considered for purposes of Defendants' motion to dismiss for failure to state a claim, as the information therein is neither explicitly referenced in the complaint, nor is the declaration's authenticity uncontested. *See Swartz v. KPMG LLP,* 476 F.3d 756, 763 (9th Cir. 2007) ("However, in order to '[p]revent[] plaintiffs from surviving a Rule 12(b)(6)

motion by deliberately omitting . . . documents upon which their claims are based,' a court may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." (quoting *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir.1998), superseded by statute on other grounds as stated in *Abrego v. Dow Chem. Co.*, 443 F.3d 676 (9th Cir.2006))). Therefore, consideration of the declaration is limited to the preclusion analysis and, to that extent, Defendants' motion to strike is denied.

2. <u>Claim Preclusion</u>

Defendants claim that Plaintiff's action in state court should bar this action in federal court under the doctrine of claim preclusion. As a preliminary matter, the court notes that "[u]nder the Full Faith and Credit Act, 28 U.S.C. § 1738, federal courts must 'give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.'" *Caligiuri v. Columbia River Bank Mortg. Group, et al.*, No. 08-3003-AA, 2007 U.S. Dist. LEXIS 39264, at *9 (D. Or. May 22, 2007) (quoting *Migra v. Warren City School Dist. Bd. of Education*, 465 U.S. 75, 81 (1984)). Therefore, this court must apply the principles of claim preclusion set forth under Oregon law.[2]

Regarding claim preclusion, the Oregon Supreme Court stated:

> [A] plaintiff who has prosecuted one action against a defendant through to a final judgment . . . is [precluded] . . . from prosecuting another action against the same defendant where the claim in the second action is one which is based on the same factual transaction that was at issue in the first, seeks a remedy additional or alternative to the one sought earlier, and is of such a nature as could have been joined

---

[2] The same is true for principles of issue preclusion. *See Lucke v. Multnomah County*, No. 06-1149-ST, 2008 U.S. Dist. LEXIS 71861, at *47-48 (D. Or. Sept. 22, 2008) (stating that "[t]his court must apply Oregon law in determining the preclusive effect of state court judgments[,]" and applying the issue preclusion analysis set out by the Oregon Supreme Court in *Nelson v. Emerald People's Utility Dist.*, 318 Or. 99, 104, 862 P.2d 1293 (1993)).

in the first action.

*Drews v. EBI Cos.*, 310 Or. 134, 140, 795 P.2d 531 (1989) (quoting *Rennie v. Freeway Transport*, 294 Or. 319, 323, 656 P.2d 919 (1982)). "The rule forecloses a party that has litigated a claim against another from further litigation on that same claim on any ground or theory of relief that the party could have litigated in the first instance." *Bloomfield v. Weakland*, 339 Or. 504, 511, 123 P.3d 275 (2005) (citing *Dean v. Exotic Veneers, Inc.*, 271 Or. 188, 194, 531 P.2d 266 (1975)).

In this case, a final judgment was entered when the Circuit Court denied Plaintiff's petition for writ of review. Therefore, Plaintiff is precluded from bringing another action against the state court defendants if: (1) the action is based "on the same factual transaction" as the first, (2) the action seeks an additional or alternative remedy, and (3) the second action could have been joined in the first action. *Drews*, 310 Or. at 140.

First, it is apparent that the federal action is based on the same facts and circumstances giving rise to the state court action. Plaintiff claims that her First Amendment rights were violated when Defendants took action to exclude her from MCAS premises. This exclusion and the events leading up to it are the same basis upon which Plaintiff's petition for writ of review was premised. Accordingly, the first prong is met.

Second, the current action seeks relief additional to the original relief sought. Under ORS 34.100, a court adjudicating a writ of review "[has] the power to affirm, modify, reverse, or annul the decision or determination reviewed, and if necessary, to award restitution to the plaintiff, or to direct the inferior court, officer, or tribunal to proceed in the matter reviewed according to its decision." OR. REV. STAT. 34.100 (2007). In the state court action at issue, Plaintiff requested that the court issue a writ of review and sought a court order vacating her exclusion from MCAS. In this

action, Plaintiff seeks money damages, costs and fees, and "an order requiring Defendants Multnomah County and Oswald to provide to Plaintiff the direct access to MCAS's electronic records that is necessary to her future exercise of her First Amendment rights." (FAC 7.) This relief is additional to the relief sought in state court and, therefore, the second prong is met.

Third, this action could have been joined to the state court action. A state court may properly hear claims arising under section 1983. *See Martinez v. California*, 444 U.S. 277, 284 (1980) (in an action arising under section 1983, the court recognized the general rule that "where 'an act of Congress gives a penalty to a party aggrieved, without specifying a remedy for its enforcement, there is no reason why it should not be enforced, if not provided otherwise by some act of Congress, by a proper action in a State court.'" (citing *Testa v. Katt*, 330 U.S. 386, 391 (1947)). In her petition for writ of review, Plaintiff specifically alleged violations of her free speech rights arising under the Oregon Constitution. Plaintiff's federal civil rights claim arising from a violation of her First Amendment right to free speech could properly have been raised and adjudicated in state court and could have been joined in the state court action. Thus, the third prong is also met.

Plaintiff argues that the preclusive effect of the state court judgment should not extend to her claim for declaratory relief. However, the action Plaintiff has filed in federal court arises exclusively from an alleged violation of her right to free speech, which was the subject of her petition for writ of review and not her claim for declaratory relief. Plaintiff has not repleaded her claim for declaratory relief in this federal action. In addition, the exclusion in question has since expired and, thus, the claim for declaratory relief is mooted. Therefore, it is irrelevant whether or not the preclusive effect of the state court judgment extends to Plaintiff's state court claim for declaratory relief. For the reasons stated, Plaintiff's claim should be barred under principles of claim preclusion.

FINDINGS AND RECOMMENDATION        9                                    {KPR}

3.   Issue Preclusion

Issue preclusion arises when an issue of ultimate fact has been determined in a prior proceeding. *Nelson v. Emerald People's Util. Dist.*, 318 Or. 99, 102-103, 862 P.2d 1293 (1994). The premise is that if "one tribunal has decided an issue, the decision on that issue may preclude relitigation of the issue in another proceeding." *Fisher Broadcasting v. Department of Revenue*, 321 Or. 341, 347, 898 P.2d 1333 (1995). In *Nelson*, the Oregon Supreme Court set forth an issue preclusion test with five requirements:

> 1. The issue in the two proceedings is identical[;]
>
> 2. The issue was actually litigated and was essential to a final decision on the merits in the prior proceeding[;]
>
> 3. The party sought to be precluded has had a full and fair opportunity to be heard on that issue[;]
>
> 4. The party sought to be precluded was a party or was in privity with a party to the prior proceeding[; and]
>
> 5. The prior proceeding was the type of proceeding to which this court will give preclusive effect.

*Nelson*, 318 Or. at 104 (citations omitted).

Oregon law imposes a "strict standard for the 'identity of issues' requirement and require[s] that 'the precise question was raised and determined in the former suit.'" *Engquist v. Or. Dep't of Agric.*, 478 F.3d 985, 1007 (9th Cir. 2007) (quoting *State v. Hunt*, 161 Or. App. 338, 985 P.2d 832 (1999)). Defendants claim that Plaintiff is precluded from relitigating the issue of whether she was excluded from the MCAS facility because of her exercise of protected speech. In the state court proceeding, Plaintiff alleged that Defendants' conduct violated her free speech rights under the Oregon Constitution. Here, Plaintiff alleges violations of her federal constitutional rights by way

of a section 1983 claim. Arguably, although the rights conferred by the state and federal constitutions are substantially similar, they are not identical. But the issue presented in state court was not whether the defendants violated the Oregon constitution, but whether they had excluded Plaintiff from MCAS facilities for protected speech or for conduct. The court specifically determined that Plaintiff's exclusion was not based on protected speech. This decision, when given the force of an "ultimate fact," prevents Plaintiff from establishing a violation under either constitution, state or federal. Therefore, prong one of the *Nelson* test is satisfied.

As to the second prong, Plaintiff argues that the nature of the review in state court did not rise to the level of "actual litigation" because it was confined to the administrative record and did not involve further discovery or an actual trial. However, as Plaintiff herself asserts, the parties agreed to litigate the petition for writ of review in Circuit Court based only on review of the administrative record. The writ of review process may not be as broad or far-reaching as traditional civil litigation, but writ of review proceedings are sufficient to satisfy the actual litigation prong. The Oregon Court of Appeals wrote, in evaluating the second prong of the *Nelson* test: "Because plaintiff litigated the issue to a final judgment in the writ of review proceeding, the second requirement of a final judgment is satisfied." *Pre-Hospital Medical Servs. v. Malheur County*, 134 Or. App. 481, 500, 896 P.2d 585 (1995). In determining whether the "actual litigation" prong had been met, the court considered only whether the issue was adequately raised in the writ of review proceeding, disputed by the parties, and decided, not whether the proceeding itself was sufficient. Thus, the issues included in the petition for writ of review were actually litigated and the rulings by the Circuit Court represent final decisions, satisfying the *Nelson* test's second prong.

Third, Plaintiff has had a full and fair opportunity to be heard both at the administrative

FINDINGS AND RECOMMENDATION       11                                   {KPR}

hearing and pursuant to the writ of review in state court. "A party receives a full and fair opportunity to be heard 'if the parties had both a full opportunity and the incentive to contest the point at issue on a record that also was subject to judicial review.'" *Dean v. Parker*, 45 Fed. Appx. 742, 745 (9th Cir. 2002) (quoting *Dodd v. Hood River Co.*, 136 F.3d 1219, 1226 (9th Cir. 1998)). Plaintiff was provided opportunity to contest the notice of exclusion at a June 13, 2006, hearing. (Morf Decl., Ex. 1 at 10.) Plaintiff failed to appear at this hearing and provided no information for the adjudicator to consider. *Id.* It is clear from the state court transcript, subsequently incorporated into the court's order as an oral opinion, that the issues presented by the petition for writ of review were extensively briefed. *See* Morf Decl., Ex. 2 at 2 (The Circuit Court judge stated: "We are here primarily for the announcement of the decision after the substantial supplemental briefing, which I appreciated."). Plaintiff was also given the opportunity to present her case at oral argument prior to the Circuit Court rendering its verdict. *See id.* ("I will allow some very limited oral argument if you believe it's necessary in view of what's been filed."). Consequently, there is no dispute that Plaintiff had a full and fair opportunity to be heard, and the third prong of the *Nelson* test is met.

As to the fourth prong, Plaintiff argues that the individual defendants at issue in the federal action had been dismissed from the state action prior to adjudication.[3] Therefore, Plaintiff claims, the individual defendants are not subject to the issue preclusion bar. This is irrelevant, as the plain language of the fourth prong's requirement demonstrates: "The party sought to be precluded was a party or was in privity with a party to the prior proceeding." *Nelson*, 318 Or. at 104. *See also*

---

[3] This fact is not clear from the record. The caption on the circuit court order refers to Respondent-Defendants as "MULTNOMAH COUNTY OREGON, MULTNOMAH COUNTY SHERIFF'S OFFICE, et al[.]" However, the Babcock Declaration states that MCAS and the named individuals were removed as defendants from the state court action. The court accepts this representation as true, for purposes of this motion.

*Khanna v. State Bar of Cal.*, 505 F. Supp. 2d 633, 649 (N.D. Cal. 2007) ("Finally, there need not be privity between the individual defendants and the State Bar in order for the individual defendants to assert collateral estoppel against Mr. Khanna. Privity is only a concern with respect to the party *against* whom preclusion is sought." (internal quotations and citations omitted)). Here, the "party sought to be precluded" is Plaintiff, i.e., Defendants seek to preclude Plaintiff from relitigating the issue decided in state court, and they may use preclusion against her even though they were not parties to the prior decision. Therefore, because Plaintiff is in privity with herself and was thus "a party or was in privity with a party to the prior proceeding," the fourth prong of the *Nelson* test is met.

Finally, the fifth *Nelson* prong is satisfied as well. Court actions are "the type of proceeding to which Oregon courts give preclusive effect." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005) (citing *Rennie v. Freeway Transp.*, 294 Or. 319, 333, 656 P.2d 919 (1982)). Therefore, the prior Circuit Court proceeding was one that this court must recognize as having a preclusive effect. Accordingly, the Circuit Court ruling that Plaintiff's exclusion was not related to her exercise of free speech rights has preclusive effect and bars Plaintiff's present claim.

4.   Judicial Estoppel

Plaintiff argues that Defendants should be judicially estopped from arguing claim and issue preclusion because Defendants earlier agreed to dismiss Plaintiff's claim for declaratory relief without prejudice, which is incompatible with their current position. The doctrine of judicial estoppel "precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position." *Rissetto v. Plumbers & Steamfitters Local 343*, 94 F.3d 597, 600 (9th Cir. 1996). It is designed to protect the integrity of the courts, including

FINDINGS AND RECOMMENDATION      13                              {KPR}

"general considerations of the orderly administration of justice and regard for the dignity of judicial proceedings . . . [and] is intended to protect against a litigant playing fast and loose with the courts." *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990), *cert. denied*, 501 U.S. 1260 (1991) (citations and quotation marks omitted).

As discussed above, Plaintiff's claim for declaratory relief was not repleaded for purposes of this federal civil action, nor does Plaintiff request that the exclusion order be voided by this court. In fact, the order has expired and any such request would be moot. Even so, the specific issue raised in this lawsuit is one that was explicitly addressed in the state court proceeding. In the prior proceeding, Defendants took the position that Plaintiff was not excluded for speech but was excluded for conduct. In this proceeding, Defendants take the same position. By agreeing to a dismissal of Plaintiff's claim for declaratory relief, without prejudice, Defendants agreed only that Plaintiff could reassert that specific claim for relief in a future proceeding. Defendants made no agreement regarding Plaintiff's free speech claim. Accordingly, judicial estoppel does not apply.

5.   Rule 12(b)(6) failure to state a claim

Because Plaintiff's claim is barred under principles of both claim and issue preclusion, the court need not address whether the complaint adequately states a claim.

*Conclusion*

For the reasons stated, Defendants' motion to strike (#20) is denied and Defendants' motion to dismiss (#12) should be granted.

*Scheduling Order*

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due no later than April 8, 2009. If no objections are filed, review

of the Findings and Recommendation will go under advisement on that date.

If objections are filed, any party may file a response within fourteen days after the date the objections are filed. Review of the Findings and Recommendation will go under advisement when the response is due or filed, whichever date is earlier.

DATED this 25th day of March, 2009.

                                              JOHN V. ACOSTA
                                      United States Magistrate Judge